JS-6

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CV-10-4419-JST (FMOx) |
| Plaintiff, | |
| v. | **CONSENT DECREE** |
| THOMAS STABEN and T.A. STABEN, INC., | |
| Defendants. | |

Plaintiff United States of America and Defendants Thomas Staben and T.A. Staben, Inc. filed a Joint Motion to Approve Proposed Consent Decree.  (Doc. 34.)  The Court finds this matter appropriate for disposition without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for March 19, 2012, at 10:00 a.m. is VACATED.

WHEREAS, the Plaintiff, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed the Complaint herein on June 15, 2010 against Defendants Thomas Staben and T.A. Staben, Inc. (collectively, "Defendants"), alleging that Defendants violated Section 301(a) of the Clean Water Act ("CWA"), 33 U.S.C. § 1311(a);

WHEREAS, the Complaint alleges that Defendants violated CWA Section 301(a) by discharging dredged or fill material and/or controlling and directing the discharge of dredged or fill material into waters of the United States, namely Calleguas Creek and/or Arroyo Los Posas, on property located in Somis, Ventura County, California, and more fully described in the Complaint, without authorization by the United States Army Corps of Engineers ("the Corps");

WHEREAS, the Complaint seeks: (1) to enjoin the discharge of pollutants into waters of the United States in violation of CWA Section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in 33 U.S.C. § 1319(d);

WHEREAS, the United States and Defendants previously entered a Joint Stipulation Regarding Remaining Defenses narrowing the issues in dispute, which the Court approved by Order dated December 20, 2010 (Doc. No. 21);

WHEREAS, the United States and Defendants previously entered a Joint Stipulation Regarding Restoration and The Staben Defendants' Ability To Pay A Civil Penalty, which the Court approved by Order dated July 1, 2011 (Doc. No. 26), further narrowing the remaining issues in dispute;

2

1   WHEREAS, this Consent Decree is intended to constitute a complete and
2   final settlement of the United States' claims under the CWA against Defendants as
3   set forth in the Complaint;

4   WHEREAS, the United States and Defendants agree that settlement of this
5   case is in the public interest and that entry of this Consent Decree is the most
6   appropriate means of resolving the United States' claims under the CWA against
7   Defendants in this case; and

8   WHEREAS, the Court finds that this Consent Decree is a reasonable and fair
9   settlement of the United States' claims against Defendants in this case, and that this
10  Consent Decree adequately protects the public interest in accordance with the CWA
11  and all other applicable federal law.

12  THEREFORE, before the taking of any testimony upon the pleadings,
13  without further adjudication of any issue of fact or law, and upon consent of the
14  parties hereto by their authorized representatives, it is hereby ORDERED,
15  ADJUDGED and DECREED as follows:

16  ## I.   JURISDICTION AND VENUE

17  1.   This Court has jurisdiction over the subject matter of these actions and
18  over the parties pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 309(b)
19  of the CWA, 33 U.S.C. § 1319(b).

20  2.   Venue is proper in the Central District of California pursuant to CWA
21  Section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) and (c), because the
22  Defendants conduct business in this District, the subject property is located in this
23  District, and the causes of action alleged herein arose in this District.

24  3.   The Complaint states claims upon which relief can be granted pursuant
25  to Sections 301, 309 and 404 of the CWA, 33 U.S.C. §§ 1311, 1319 and 1344.

26  ## II.   APPLICABILITY

27  4.   The obligations of this Consent Decree shall apply to and be binding
28  upon Defendants, their officers, directors, agents, employees and servants, and their

3

1    successors and assigns and any person, firm, association or corporation who is, or

2    will be, acting in concert or participation with any of the Defendants whether or not

3    such person has notice of this Consent Decree.  In any action to enforce this

4    Consent Decree against a Defendant, the Defendant shall not raise as a defense the

5    failure of any of its officers, directors, agents, employees, successors or assigns or

6    any person, firm or corporation acting in concert or participation with the

7    Defendant, to take any actions necessary to comply with the provisions hereof.

8         5.     The transfer of ownership or other interest in any property that

9    encompasses any of the areas subject to the on-site restoration and preservation

10   requirements below (the "Restoration Site" or "Site"), more specifically described

11   in Appendix I, shall not alter or relieve Defendants of their obligation to comply

12   with all of the terms of this Consent Decree.  At least thirty (30) days prior to the

13   transfer of ownership or other interest in any property that encompasses any area of

14   the Restoration Site, the party making such transfer shall provide written notice and

15   a true copy of this Consent Decree to its successors in interest and shall

16   simultaneously notify the United States in writing that such notice has been given.

17   As a condition to any such transfer, the Defendant making the transfer shall reserve

18   all rights necessary to comply with the terms of this Consent Decree.  Any attempt

19   to transfer ownership or other interest in the Restoration Site without complying

20   with this Paragraph constitutes a violation of this Consent Decree.

21   ### III.  **DEFINITIONS**

22        6.     "Consent Decree" shall mean this Consent Decree, all Appendices

23   attached hereto, all Deliverables approved by EPA, and all modifications made

24   effective in accordance with Section XV below.

25        7.     "Day" shall mean a calendar day unless expressly stated to be a

26   business day.  In computing any period of time under this consent decree, where the

27   last day would fall on a Saturday, Sunday, or a federal holiday, the period shall run

28   until the close of business of the next working day.

8.  "Deliverables" shall mean any survey, report, work plan, or any other document that is required to be submitted to EPA for its approval or verification under Section V (Injunctive Relief – On-Site Restoration) of this Consent Decree.

9.  "Restoration Site" shall mean those areas of the Calleguas Creek floodplain and embankment that are subject to the removal and restoration work as described in Appendix I, inclusive of Appendix A to Appendix I, and required as part Section V (Injunctive Relief – On-Site Restoration) of this Consent Decree.

### IV.  <u>SCOPE OF CONSENT DECREE</u>

10.  This Consent Decree shall constitute a complete and final settlement of all civil claims for injunctive relief and civil penalties alleged in the Complaint against the Defendants under CWA Section 301, 33 U.S.C. § 1311, concerning the Site.

11.  It is the express purpose of the parties in entering this Consent Decree to further the objectives set forth in CWA Section 101, 33 U.S.C. § 1251.  All plans, studies, construction, remedial maintenance, monitoring programs, and other obligations in this Consent Decree or resulting from the activities required by this Consent Decree shall have the objective of causing Defendants to achieve and maintain full compliance with, and to further the purposes of, the CWA.

12.  Defendants' obligations under this Consent Decree are joint and several.

13.  Except as in accordance with this Consent Decree, Defendants and Defendants' agents, successors, and assigns are enjoined from discharging any pollutant into waters of the United States, including but not limited to in the Restoration Site area, unless such discharge complies with the provisions of the CWA and its implementing regulations.

14.  The parties acknowledge that Nationwide Permit 32, found at 72 Fed. Reg. 11,092 and 11,187 (Mar. 12, 2007), authorizes the discharge of dredged or fill material that is necessary to complete the work required by this Consent Decree.

5

1  Any such discharge shall be subject to the conditions of Nationwide Permit 32 and

2  this Consent Decree.

3       15.    This Consent Decree is not and shall not be interpreted to be a permit

4  or modification of any existing permit issued pursuant to Sections 402 or 404 of the

5  CWA, 33 U.S.C. §§ 1342 or 1344, or any other law.  Nothing in this Consent

6  Decree shall limit the ability of the Corps to issue, modify, suspend, revoke or deny

7  any individual permit or any nationwide or regional general permit, nor shall this

8  Consent Decree limit the EPA's ability to exercise its authority pursuant to Section

9  404(c) of the CWA, 33 U.S.C. § 1344(c).

10       16.    This Consent Decree in no way affects or relieves Defendants of their

11  responsibility to comply with any applicable federal, state, or local law, regulation

12  or permit.  This Consent Decree in no way affects or alters the Defendants' prior

13  admissions in this action, including those reflected in the Joint Stipulation

14  Regarding Remaining Defenses and Joint Stipulation Regarding Restoration and

15  The Staben Defendants' Ability To Pay A Civil Penalty.

16       17.    This Consent Decree in no way affects the rights of the United States

17  as against any person not a party to this Consent Decree.

18       18.    The United States reserves any and all legal and equitable remedies

19  available to enforce the provisions of this Consent Decree and applicable law.

20       19.    Except as provided specifically herein, nothing in this Consent Decree

21  shall constitute an admission of fact or law by either Party.

22  ### V.  **SPECIAL PROVISIONS**

23  ### CIVIL PENALTIES

24       20.    Defendants shall pay a civil penalty to the United States in the amount

25  of **Two Hundred and Twenty-Five Thousand Dollars ($225,000)**, within sixty

26  (60) days of entry of this Consent Decree.

27       21.    Defendants shall make the above-referenced payment by FedWire

28  Electronic Funds Transfer ("EFT" or wire transfer) to the DOJ account in

1  accordance with current electronic funds transfer procedures, referencing the

2  U.S.A.O. file number, EPA Region IX, and the DOJ case number 90-5-1-1-18403.

3  Payment shall be made in accordance with instructions provided to the Defendants

4  by the Financial Litigation Unit of the United States Attorney's Office for the

5  Central District of California.  Any payments received by DOJ after 4:00 P.M.

6  (Eastern Time) will be credited on the next business day.

7       22.   Upon payment of the civil penalty required by this Consent Decree,

8  Defendants shall provide written notice to the United States that such payment was

9  made in accordance with Paragraph 21.

10       23.   Civil penalty payments under this Consent Decree (including

11  stipulated penalty payments under Section IX) are penalties within the meaning of

12  Section 162(f) of the Internal Revenue Code, 26 U.S.C. § 162(f), or of 26 C.F.R. §

13  1.162-21 and are not tax deductible expenditures for purposes of federal law.

14  **INJUNCTIVE RELIEF**

15       24.   <u>On-Site Restoration Project</u>

16         A.   Defendants shall perform work at the Restoration Site in

17  compliance with the terms and conditions of the Staben Ranch Removal and

18  Restoration Plan (the "RRP") by Stetson Engineers Inc., dated December 16, 2011

19  and appended as Appendix I.  The RRP and its EPA-approved Deliverables and

20  modifications under Section XV are incorporated herein by reference.  If any

21  injunctive relief described in this Section could be construed as inconsistent with an

22  EPA-approved Deliverable or a modification under Section XV, such Deliverable

23  or modification shall control.

24         B.   Work required under Paragraph 24 comprises two overall

25  phases.  Phase 1, the Construction Phase, includes the following key tasks:

26  obtainment of necessary federal, state and local permits or approvals; site

27  preparation; and planting.  Phase 2, the Maintenance, Monitoring and Reporting

28  Phase, includes the following key tasks: maintenance, monitoring, and annual

7

reporting.  There are milestones and Deliverables associated with different key tasks, as further specified in Appendix I.

i.   <u>Obtainment of Necessary Permits</u>.  Defendants shall submit, within thirty (30) days from entry of this Consent Decree, complete applications and make best efforts to obtain all federal, state, and local permits or approvals necessary for Defendants to comply with their obligations under Paragraph 24. Thereafter, Defendants shall provide EPA with a Permit Status Checklist on a monthly basis until such time when Defendants have received all necessary permits or approvals.  Upon receipt of all necessary permits or approvals, Defendants shall promptly commence site preparation work, subject to any requirements for seasonal conditions for work in any such permits or approvals.

ii.   <u>Pre-Construction Notice</u>.  At least fourteen (14) days prior to commencing any site preparation work, Defendants shall notify EPA in writing of the start and anticipated end dates of the site preparation work.  Defendants shall notify EPA in writing of any change to any of the dates as soon as they become aware of the change.

iii.   <u>Deliverables</u>. Deliverables required under Paragraph 24 shall include, but are not limited to:

1)   an "As-Built Survey" upon completion of site preparation and survey under RRP section 4.2.4;

2)   an "As-Built Conditions Report" upon completion of planting under RRP section 5.3;

3)   any "Adaptive Management Plan" under RRP section 7.4;

4)   "Annual Status Reports" under RRP section 7.5; and

5)   "Notice of Completion" under RRP section 8.1.

C.   <u>Approval of Deliverables</u>. Upon review of each Deliverable, EPA has the discretion to: (1) approve in whole; (2) approve in part and disapprove in part (including approve with conditions); or (3) disapprove in whole.

8

i. If the Deliverable is approved in whole, Defendants shall perform activities in compliance with all terms and conditions of the Deliverable.

ii. If the Deliverable is conditionally approved or approved in part, Defendants shall perform activities in compliance with all terms and conditions of the approved portion of the Deliverable that is determined by EPA to be technically severable from any disapproved portions.

iii. If the Deliverable is disapproved in whole or in part, Defendants shall, within twenty (20) days, or such other time as agreed to by EPA in writing, correct all deficiencies and resubmit to EPA the Deliverable or the disapproved portion thereof.

iv. If the resubmitted Deliverable is approved in whole or in part, Defendants shall proceed in accordance with the preceding paragraphs. If the resubmitted Deliverable is disapproved in whole or in part, EPA may either require Defendants to correct any deficiencies, in accordance with preceding paragraphs, or correct any deficiencies itself. In such event, EPA's corrections shall be binding, subject to the Dispute Resolution provisions of Section VI.

D.   <u>Implementation Schedule</u>. The schedule for achieving the milestone for each key task and for submission of Deliverables under Paragraph 24 is as set forth in Appendix C (Schedule) of Appendix I, subject to EPA-approved Deliverables and modifications under Section XV. If at any time Defendants become aware of any event that may cause delay in meeting any the schedule, Defendants shall notify EPA in writing as required under Paragraph 57 below.

E.   <u>Approval of Project Manager</u>. Stetson Engineers Inc. currently serves as the Project Manager (also referred to as the Biological Monitor in the RRP) overseeing the overall project and the different work and functions to be performed by persons possessing the requisite qualifications and experiences, as specified in RRP section 3.2, under Paragraph 24. If a replacement Project Manger is needed for any reason, Defendants shall submit to EPA for approval the name

9

1  and relevant qualifications and experiences of the person proposed to serve as a

2  replacement Project Manager.  If EPA disapproves Defendants' proposed

3  replacement Project Manager, Defendants shall submit an alternate name within

4  fourteen (14) days of EPA's disapproval.  The replacement Project Manager may

5  not commence work required under Paragraph 24 until approval by EPA.

6  However, if  (1) EPA does not respond within fourteen (14) days of Defendants'

7  submission of a proposed replacement Project Manager, and (2)  subsequent work

8  is dependent on the replacement of the Project Manager, the proposed replacement

9  Project Manager may commence such work until notified otherwise by EPA in

10  writing.

11      25.   <u>On-Site Preservation</u>

12      A.   To ensure that the Restoration Site remains undisturbed,

13  Defendants shall, within thirty (30) days of entry of this Consent Decree, record a

14  certified copy of this Consent Decree with the Recorder of Deeds Office, in

15  Ventura County, California, and shall notify the United States in writing of such

16  recordation.  Thereafter, each deed, title, or other instrument conveying an interest

17  in the property that encompasses any area of the Restoration Site shall contain a

18  notice stating that the property is subject to this Consent Decree and shall reference

19  the recorded location of the Consent Decree and any restrictions applicable to the

20  property under this Consent Decree.

21      B.   Defendants shall, by way of declaratory deed restrictions,

22  recorded with the Recorder of Deeds Office, in Ventura County, California, within

23  thirty (30) days of entry of this Consent Decree, protect and preserve the

24  Restoration Site as part of the natural floodplain of Calleguas Creek and shall not

25  cultivate, farm, develop or otherwise disturb the Restoration Site for any other

26  purposes or uses.  Defendants shall notify the United States in writing to confirm

27  such recordation has occurred.

28      C.   The parties intend that the obligation of Paragraph 25, including

10

all the subparagraphs therein, shall run with the land.  The United States shall have the right to enforce the obligations of this paragraph upon the recording of this Consent Decree, and that right shall survive termination of this Consent Decree and run with the land.

26.     Off-Site Compensatory Mitigation

A.     Defendants shall provide compensatory mitigation to offset the temporal losses of ecological functions in connection with their unlawful fill activities at the Restoration Site by paying Compensation Monies in the sum of **One Hundred and Fifty Thousand Dollars ($150,000)** into the Ventura River Watershed Habitat Restoration Fund In-Lieu-Fee Mitigation Program ("In-Lieu Fee Program Fund"), established and administered by the Ojai Valley Land Conservancy ("OVLC") under an agreement with the Corps.  The Compensation Monies shall be utilized by OVLC to perform aquatic resource restoration and enhancement work in the Ventura River watershed, as specified by the agreement ("Mitigation Agreement") between Defendants and OVLC, dated December XX, 2011.  The Mitigation Agreement is appended as Appendix II and incorporated herein by reference, and shall take effect upon entry of this Consent Decree.

B.     As part of this Consent Decree, Defendants shall pay the Compensation Monies into the In-Lieu Fee Program Fund in two equal installments of $75,000, due and payable on July 30, 2012 and October 30, 2012, respectively, in accordance with the terms and conditions of the Mitigation Agreement. Defendants shall notify the United States in writing upon each payment.  Failure to make timely payment of the Compensation Monies is a violation of this Consent Decree.

## VI.  NOTICES AND OTHER SUBMISSIONS

27.     Unless otherwise expressly specified herein, all required submissions under this Consent Decree shall be sent to EPA and the U.S. Department of Justice simultaneously, at the addresses specified in Section XI of this Consent Decree.

11

28.     Defendants shall certify all required submissions to the United States under this Consent Decree, by signature of either Defendant Thomas A. Staben, or the president or chief executive officer of Defendant T.A. Staben, Inc., or Defendants' "duly authorized representative" as defined in 40 C.F.R. § 122.22(b), as follows:

> I certify under penalty of law that this document and all attachments were prepared under my direction or supervision in accordance with a system designed to assure that qualified personnel properly gather and evaluate the information submitted. Based on my inquiry of the person or persons who manage the system, or those persons directly responsible for gathering such information, the information submitted is, to the best of my knowledge and belief, true, accurate and complete. I am aware that there are significant penalties for submitting false information, including the possibility of fine and imprisonment for knowing violations.

29.     The reporting requirements of this Consent Decree do not relieve Defendants of any reporting obligations required by the CWA or its implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

30.     Information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VII.  RETENTION OF RECORDS AND RIGHT OF ENTRY

31.     Until one (1) year after termination of this Consent Decree, Defendants shall preserve and retain, and shall instruct their contractors and agents to preserve and retain, all non-identical records, documents and other information (collectively "Records") in their respective possession or control that relate in any manner to the performance of the work in Appendix I, regardless of any corporate retention policy to the contrary.

32.     At the conclusion of the record retention period, Defendants shall

1  notify the United States at least sixty (60) days prior to the destruction of any such

2  Records, and, upon request by the United States, shall deliver any such Records to

3  EPA.  Defendants may assert that certain Records are privileged under the attorney-

4  client privilege or any other privilege recognized by federal law.  However,

5  Defendants may not claim privilege over any Record created or generated pursuant

6  to the requirements of the Consent Decree.

7        33.    Until termination of this Consent Decree, the United States and its

8  authorized representatives and contractors shall have authority at all reasonable

9  times to enter the Defendants' premises to:

10              A.    Monitor the activities required by this Consent Decree;

11              B.    Verify any data or information submitted to the United States;

12              C.    Obtain samples;

13              D.    Inspect and evaluate Defendants' restoration and/or mitigation

14       activities; and

15              E.    Inspect and review any records required to be kept under the

16  terms and conditions of this Consent Decree and the CWA.

17        34.    This provision of this Consent Decree is in addition to, and in no way

18  limits or otherwise affects, the statutory authorities of the United States to conduct

19  inspections, to require monitoring, and to obtain information from Defendants as

20  authorized by law.

21                    **VIII.  DISPUTE RESOLUTION**

22        35.    Unless otherwise expressly provided for herein, the procedures of this

23  Section ("Dispute Resolution") shall be the exclusive mechanism for Defendants to

24  resolve all of their disputes arising under this Consent Decree.  Failure to seek

25  resolution of a disputed matter under this Section shall preclude Defendants from

26  raising such matter as a defense to any United States action to enforce any

27  obligation of Defendants under this Consent Decree.

28        36.    Any dispute arising under this Consent Decree shall be, in the first

13

instance, the subject of informal negotiations between the United States and Defendants. The dispute shall be considered to have arisen when Defendants send the United States a Notice of Dispute clearly stating the matter in dispute.  The period for informal negotiations shall not exceed thirty (30) days from the receipt of the Notice of Dispute, unless otherwise agreed to in writing by the United States.

37.    If the parties cannot resolve the dispute by informal negotiations, the United States' position shall be binding unless, within fourteen (14) days after the end of the period for informal negotiations, Defendants move the Court for a resolution of the dispute.  The motion shall set forth the nature of the dispute and a proposed resolution.  The United States shall have thirty (30) days to respond to the motion and propose an alternate resolution.

38.    If the United States believes that Defendants' dispute is not in good faith, or that a delay would pose or increase a threat of harm to the public or the environment, it may move the Court for a resolution of the dispute before the end of the period for informal negotiations.  Defendants shall have fourteen (14) days to respond to the motion and propose an alternate resolution.

39.    In resolving a dispute in the Court, Defendants shall bear the burden of proving by a preponderance of the evidence that the United States' position is not in accordance with the objectives of this Consent Decree, and that Defendants' position will achieve compliance with this Consent Decree and the CWA.

40.    The filing of a motion asking the Court to resolve a dispute shall not extend or postpone any obligation of Defendants under this Consent Decree, except as provided in Paragraph 54 below regarding payment of stipulated penalties.

## IX.  FORCE MAJEURE

41.    Defendants shall perform the actions required under this Decree within the time limits set forth or approved herein, unless the performance is prevented or delayed by events which constitute a Force Majeure event.  A Force Majeure event is defined as any event arising from causes beyond the control of Defendants,

14

1   including their employees, agents, consultants and contractors, which could not be

2   overcome by due diligence and which delays or prevents the performance of an

3   action required by this Consent Decree within the specified time period.  A Force

4   Majeure event does not include, inter alia, increased costs of performance, changed

5   economic circumstances, changed labor relations, normal precipitation or climate

6   events, or changed circumstances arising out of the sale, lease or other transfer or

7   conveyance of title or ownership or possession of a site.

8       42.    If Defendants believe that a Force Majeure event is occurring or has

9   occurred that may affect their ability to perform an obligation under this Consent

10  Decree, Defendants shall provide notice by phone or email to EPA, within 72 hours

11  of when Defendants first become aware of such event, and shall follow up with a

12  formal written notice to the United States within seven (7) days after the event with

13  a discussion of the following:

14          A.    what action has been affected;

15          B.    the specific cause(s) of the delay;

16          C.    the length or estimated duration of the delay;

17          D.    any measures taken or planned by Defendants to prevent or

18  minimize the delay; and

19          E.    a schedule for implementing such measures.

20          Defendants may also provide to the United States any additional

21  information that they deem appropriate to support their position that a Force

22  Majeure event has affected their ability to perform an obligation under this Consent

23  Decree. Failure to provide timely and complete notification to the United States

24  shall constitute a waiver of any claim of Force Majeure as to the event in question.

25      43.    If the United States agrees that the conditions constitute a Force

26  Majeure event, the deadline for the affected action may be extended by the United

27  States for such time as is necessary to complete the action. Defendants shall

28  coordinate with EPA to determine when to begin or resume the operations that had

15

1    been affected by any Force Majeure event. Any extension of the time for

2    performance of the affected action shall not, of itself, extend the time for

3    performance of any other action required under the Consent Decree.

4        44.    If the United States does not agree that the conditions constitute a

5    Force Majeure event, or does not agree to the extension of time or any other

6    modification sought by Defendants, the United States' position shall be binding

7    unless Defendants invoke Dispute Resolution under Section VIII.

8        45.    Defendants shall bear the burden of proving: (1) that the

9    noncompliance at issue was caused by circumstances entirely beyond the control of

10   Defendants and any entity controlled by Defendants, including their contractors and

11   consultants; (2) that Defendants or any entity controlled by Defendants could not

12   have foreseen and prevented such noncompliance; and (3) the number of days of

13   noncompliance that were caused by such circumstances.

14       46.    For any other event that is not a Force Majeure event but nevertheless

15   may delay the performance of any obligation under this Consent Decree,

16   Defendants shall notify EPA in writing as soon as they become aware of such event

17   and provide the same information as specified in Paragraph 42 above.

18              **X.   STIPULATED PENALTIES**

19       47.    Failure to pay civil penalty.  If Defendants fail to make timely payment

20   of the Civil Penalty as required under Paragraph 20 of this Consent Decree,

21   Defendants shall pay to the United States a stipulated penalty of $1,000.00 per day

22   for each day the payment is overdue.

23       48.    Failure to Pay Compensatory Monies.  If Defendants fail to make

24   timely payment to OVLC any installment of the Compensation Monies as required

25   under Paragraph 26 of this Consent Decree, Defendants shall pay to the United

26   States a stipulated penalty of $500.00 per day for each day the payment is overdue.

27       49.    Failure to perform tasks required under the RRP.  If Defendants fail to

28   timely complete any site preparation, planting, maintenance or monitoring, as

specified in Appendix I, or fail to meet Performance Standard #2 of the "Performance Standards for Stream Morphology" under RRP Section 7.2, Defendants shall pay to the United States a stipulated penalty as follows:

    A.  For Day 1 up to and including
       Day 30 of non-compliance      $1,000.00 per day

    B.  For Day 31 up to and including
       60 of non-compliance      $2,000.00 per day

    C.  For Day 61 and beyond of
       non-compliance      $3,000.00 per day

50. <u>Failure to make required recordations, submit required notices, or Deliverables</u>. If Defendants fail to timely make the recordation or submit any written notices, reports or Deliverables required under this Consent Decree, Defendants shall pay stipulated penalties as follows:

    A.  For Day 1 up to and including
       Day 30 of non-compliance      $500.00 per day

    B.  For Day 31 up to and including
       60 of non-compliance      $750.00 per day

    C.  For Day 61 and beyond of
       non-compliance      $1,000.00 per day

51. Stipulated penalties under this Section shall begin to accrue on the first Day after performance is due or a violation occurs and shall continue to accrue until the violation ceases or has been corrected. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

52. Except as provided in Paragraph 54 below, Defendants shall pay any stipulated penalty within thirty (30) Days of receiving the United States' written demand.

53. The United States may, in the unreviewable exercise of its discretion,

1  reduce or waive stipulated penalties otherwise due under this Consent Decree.

2      54.    Any dispute concerning the amount of stipulated penalties or the

3  underlying violation that gives rise to the assessment of the stipulated penalties is

4  subject to the Dispute Resolution provision of Section VI.  Stipulated penalties and

5  any applicable interest shall continue to accrue as provided in Paragraph 51 above,

6  but need not be paid until the following:

7          A.    If the dispute is resolved by agreement between the United

8  States and Defendants, Defendants shall pay the accrued penalties determined to be

9  owing, together with any applicable interest, to the United States within thirty (30)

10  days of the effective date of the agreement.

11          B.    If the dispute cannot be resolved between the parties and is

12  taken to the Court, Defendants' obligation to pay any stipulated penalties for the

13  disputed matter shall be stayed pending resolution of the dispute.  Notwithstanding

14  the stay of payment, stipulated penalties shall continue to accrue from the first day

15  of any failure or refusal to comply with any term or condition of this Consent

16  Decree.  If Defendants do not prevail on the disputed issue, Defendants shall pay

17  stipulated penalties as provided in this Section. If Defendants prevail on the

18  disputed issue, the Court shall excuse the stipulated penalties for that non-

19  compliance.

20      55.    In the event that a stipulated penalty payment is applicable and not

21  made on time, interest will be charged in accordance with the statutory judgment

22  interest rate provided for in 28 U.S.C. § 1961.  The interest shall be computed daily

23  from the time the payment is due until the date the payment is made.  The interest

24  shall also be compounded annually.

25      56.    Defendants shall make any payment of a stipulated penalty to the

26  United States in accordance with the payment method stated in Paragraph 20 above,

27  and shall provide written notice of payment to the United States.

28      57.    The stipulated penalties provided for in this Consent Decree shall be in

18

addition to any rights, remedies or sanctions available to the United States for Defendants' violation of this Consent Decree or applicable law.

## XI.  ADDRESSES

58.    All notices and communications required under this Consent Decree shall be made to the parties through each of the following persons and addresses:

        A.    TO EPA:

            Jessica Kao, Assistant Regional Counsel
            U.S. Environmental Protection Agency
            Region IX
            75 Hawthorne Street
            San Francisco, CA 94105

            Mary Butterwick, Life Scientist/Botanist
            CWA Compliance Office
            U.S. Environmental Protection Agency
            Region IX
            75 Hawthorne Street
            San Francisco, CA 94105

        B.    TO THE UNITED STATES DEPARTMENT OF JUSTICE:

            Michael C. Augustini
            Lewis M. Barr
            Rochelle L. Russell
            Trial Attorneys
            Environmental Defense Section
            Environment and Natural Resources Division
            U.S. Department of Justice
            P.O. Box 23986
            Washington, D.C. 20026-3986

        C.    TO DEFENDANTS:

            Thomas A. Staben & T.A. Staben, Inc.

19

P.O. Box 255
Somis, CA 93066

Alex P. Gutierrez, Esq.
Hathaway Perrett Webster Powers Chrisman & Gutierrez
5450 Telegraph Road, Suite 200
Ventura, CA 93003

Michael Mills, Esq.
Stoel Rives
500 Capitol Mall, Suite 1600
Sacramento, CA 95814

## XII.  <u>COSTS OF SUIT</u>

59.    Each party to this Consent Decree shall bear its own costs and attorneys' fees in this action.  Should Defendants subsequently be determined by the Court to have violated the terms or conditions of this Consent Decree, Defendants shall be liable for any costs or attorneys' fees incurred by the United States in any action against Defendants for noncompliance with or enforcement of this Consent Decree.

## XIII. <u>PUBLIC COMMENT</u>

60.    The parties acknowledge that after the lodging and before the entry of this Consent Decree, final approval by the United States is subject to the requirements of 28 C.F.R. § 50.7, which provides for public notice and comment. The United States reserves the right to withhold or withdraw its consent to the entry of this Consent Decree if the comments received disclose facts which lead the United States to conclude that the proposed judgment is inappropriate, improper, or inadequate.  The Defendants agree not to withdraw from, oppose entry of, or to challenge any provision of this Consent Decree, unless the United States has notified the Defendants in writing that it no longer supports entry of the Consent Decree.

## XIV.  <u>CONTINUING JURISDICTION OF THE COURT</u>

61.    This Court shall retain jurisdiction over this action in order to enforce or modify the Consent Decree consistent with applicable law or to resolve all disputes arising hereunder as may be necessary or appropriate for construction or execution of this Consent Decree.  During the pendency of the Consent Decree, any party may apply to the Court for any relief necessary to construe and effectuate the Consent Decree.  The parties agree and recognize that termination of the Consent Decree shall not affect the United States' right to enforce the obligation of Paragraph 25, which are deed restrictions that run with the land.

## XV.  <u>MODIFICATION</u>

62.    Upon its entry by the Court, this Consent Decree shall have the force and effect of a final judgment. All modifications of this Consent Decree, including any terms and conditions contained in any Appendix hereto, shall be upon written agreement of the United States and Defendants. Approval by the Court is required only if a  modification materially changes the terms of this Consent Decree or materially affects Defendants' ability to meet the requirements or objectives of this Consent Decree.

## XVI. <u>TERMINATION</u>

63.    Except for Paragraphs 25 and 31, this Consent Decree may be terminated by either of the following:

A.    Defendants and the United States may at any time make a joint motion to the Court for termination of this Decree or any portion of it; or

B.    Defendants may make a unilateral motion to the Court to terminate this Decree after each of the following has occurred:

i.   Defendants have paid all penalties and other monetary obligations hereunder and no penalties or other monetary obligations are outstanding or owed to the United States;

ii.  EPA has verified in writing that Defendants have completed

21

1          the on-site restoration work required under Section V pursuant

2          to RRP section 8; and

3      iii.   Defendants have certified compliance with all other

4          requirements of the Consent Decree, including recording of the

5          Consent Decree and deed restrictions as required under

6          Paragraph 25.

7    IT IS SO ORDERED.

8    Dated and entered this 1st day of March, 2012.

9

10

11    _____

12    JOSEPHINE STATON TUCKER
     UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22